DOCKET NO. FBT-CV-15-6054110 S

| | |
|---|---|
| ANGEL FALCON : | SUPERIOR COURT |
| *Plaintiff* : | |
| : | J.D. OF FAIRFIELD |
| v. : | |
| : | AT BRIDEPORT |
| CONNECTICUT JUDICIAL : | |
| BRANCH : | |
| *Defendant* | |

## MOTON TO AMEND COMPLAINT

Plaintiff Angel Falcon files this motion to amend the complaint filed in this matter to allege two additional counts pursuant to Title VII of the Civil Rights Act of 1964 as amended. Plaintiff received his notice of right to sue under this statute on March 16, 2016. A proposed amended complaint is attached hereto.

                                                        FOR THE PLAINTIFF
                                                        *By /s/Josephine S. Miller*
                                                        Josephine Smalls Miller, JURIS # 422896
                                                        152 Deer Hill Avenue, Suite 302
                                                        Danbury, CT 06810
                                                         Tel No. (203)512-2795
                                                        Fax: (203) 702-5188
                                                        Email: jmillerlaw@sbcglobal.net

DOCKET NO. FBT-CV-15-6054110 S

| | |
|---|---|
| ANGEL FALCON | : SUPERIOR COURT |
| *Plaintiff* | : |
| | : J.D. OF FAIRFIELD |
| v. | : |
| | : AT BRIDEPORT |
| CONNECTICUT JUDICIAL | : |
| BRANCH | : |
| *Defendant* | |

## PROPOSED AMENDED COMPLAINT

1. Plaintiff is Angel Falcon and resides at 60 Beardsley Terrace, Bridgeport, CT 06610.

2. Plaintiff am a Hispanic male.

3. Plaintiff has been employed by the Connecticut Judicial Branch, since March 13, 1996 as a Court Support Services Division employee.

4. Plaintiff has been classified as a Deputy Superintendent at the Bridgeport Juvenile Detention Center since August 2010

5. On or about July 21, 2014 Plaintiff received a letter from Deputy Director Karl Alston, Acting Interim Superintendent, notifying him that he would be transferred to the 12:00 a.m. to 8:00 a.m. shift. [Copy attached]

6. On Monday 7/21/14 at approximately 4:30pm Plaintiff was called into Alston's office and informed of this letter and had it handed it to him. Plaintiff explained that 12am-8am will not work for him due to his health and child care and that this had already been explained this to Superintendent Joe Ezekiel who retired on July 1, 2014.

7.      Plaintiff advised that he believed the action to be retaliatory and also discriminatory. At this time Alston rescinded the letter and stated that he will look into it further.

8.      On Thursday 7/24/14 D/D Karl Alston called Plaintiff into his office and stated that he would be going to the 12am-8am shift and he handed Plaintiff the same letter again.

9.      When Plaintiff began asking questions regarding Alston's decision he was informed that if he had a problem with it to contact Judicial Human Resources and speak with Mark Ciarciello. This conversation it was hostile in his part as he even threatened to write Plaintiff up for being insubordinate because he was asking questions.

10.     Plaintiff was transferred to Hartford Detention in July 2013.  During this time Deputy Superintendent (hereafter referred to as "DS") Mike Lourghran's (White Male) shift was changed from 4pm-12am to 12am-8am. The employer moved DS Cole Scott (Black Male) from 12am-8am to 4pm-12am. CSSD hired DS Jason Crissio (White Male) and he remained in Central Office, and DS Keisha Henry (Black Female) to work in Plaintiff's place on 4pm-12am.

11.     When DS Lourghran retired in October 2013 the 12am-8am had been vacant since then. In December 2013 CSSD hired Verdell Reid (Black) to work 4pm-12am.  A conflict exists, and has been allowed to continue, due to the fact of Reid supervising his cousin JDO Corey Cotton on the 4pm-12am.

12.     Plaintiff returned to Bridgeport in January 2014 to his shift 4pm-12am. The 4pm-12am has three Deputy Superintendents Cole Scott, Verdell Reid (Black Male) and Plaintiff, and 8am-4pm has also three Deputy Superintendents Tim Peiffer (White Male), Keith Orrico (White Male), and Keisha Henry. And as for DS Jason Crissio which on paper states that he was assigned to

Bridgeport, but has an office in Central Office Wethersfield. Out of seven Deputy Superintendents, Plaintiff was chosen for the 12 to 8 a.m., shift.

13. Program Manager 1/Deputy Superintendent Timothy Peiffer has 28 years of service. Has been a D/S since 2000. Program Manager 1/Deputy Superintendent Cole Scott has 22 years of service. Program Manager 1/Deputy Superintendent Keith Orrico has 10 years of service. Has been a D/S from date of hired 2004. Plaintiff has 18 years of service. Has been a D/S since 2010. Deputy Superintendent Keisha Henry 9-10 years of service was promoted July 2013. Deputy Superintendent Jason Crissio 14 years of service was promoted July 2013. Deputy Superintendent Verdell Reid 8 years of service was just promoted in December 2013.

14. On or about January 2014 Plaintiff was given a raise as were others. However the raise was later rescinded. When he questioned Human Resources regarding the reason for this he I was only told that it was a mistake that he had been given the raise. Plaintiff was denied a promotional title change while other deputy superintendents have received the title change

15. Plaintiff was given a five (5) day disciplinary suspension for January 7, and 9, 2014.

16. Plaintiff was transferred for approximately six months to the Hartford Juvenile Detention Center while charges made against him by a subordinate employee were being investigated.

17. The decision to transfer Plaintiff while the charges were being investigated was discriminatory (based upon his ethnicity) and in retaliation for him engaging in protected activity.

18. Plaintiff had been relieved of duties and responsibilities related to the Ombudsmen Program just a few months prior to his transfer. While Plaintiff performed the duties related to the Ombudsmen Program he reported that multiple staff members were involved in excessive force against juveniles as the facility.

19. The decision to discipline Plaintiff came after he submitted a written letter of complaint alleging discrimination and retaliation.

20. On or about July 25, 2014 Plaintiff filed an administrative complaint of discrimination and retaliation with the Connecticut Commission on Human Rights & Opportunities and a dual filing with the Equal Employment Opportunity Commission.

21. Plaintiff has exhausted all administrative remedies prior to bringing this action.

**COUNT ONE:** <u>**RACE DISCRIMINATION**</u> **(TITLE VII of the Civil Rights Act of 1964)**

1 – 21 Paragraphs 1 through 21 are incorporated herein by reference and made paragraphs 1 through 21 of Count One.

22. By the acts alleged in paragraphs 1 through 21 the employer has engaged in racially discriminatory treatment of Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

23. Plaintiff has been damaged thereby.

**COUNT TWO:** <u>**RACE DISCRIMINATION**</u> **(CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)**

1 – 21 Paragraphs 1 through 21 are incorporated herein by reference and made paragraphs 1 through 21 of Count Two.

22. By the acts alleged in paragraphs 1 through 21 the employer has engaged in racially discriminatory treatment of Plaintiff in violation of the Connecticut Fair Employment Practices Act.

23. Plaintiff has been damaged thereby.

COUNT THREE: <u>RETALIATION</u> (TITLE VII of the Civil Rights Act of 1964)

1 – 21 Paragraphs 1 through 21 are incorporated herein by reference and made paragraphs 1 through 21 of Count Three.

22. By the acts alleged in paragraphs 1 through 21 the employer has engaged in racially retaliatory treatment of Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

23. Plaintiff has been damaged thereby.

COUNT FOUR: <u>RETALIATION</u> (CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)

1 – 21 Paragraphs 1 through 21 are incorporated herein by reference and made paragraphs 1 through 21 of Count Four.

22. By the acts alleged in paragraphs 1 through 21 the employer has engaged in racially retaliatory treatment of Plaintiff in violation of the Connecticut Fair Employment Practices Act.

23. Plaintiff has been damaged thereby.

COUNT FIVE: <u>HARASSMENT</u> (CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)

1 – 21 Paragraphs 1 through 21 are incorporated herein by reference and made paragraphs 1 through 21 of Count Five.

22. By the acts alleged in paragraphs 1 through 21 the employer has engaged in harassment of Plaintiff in violation of the Connecticut Fair Employment Practices Act.

23. Plaintiff has been damaged thereby.

**COUNT SIX:** **CONNECTICUT GENERAL STATUTES §31-51Q**

1 – 21  Paragraphs 1 through 21 are incorporated herein by reference and made paragraphs 1 through 21 of Count Six.

22. By the acts alleged in paragraphs 1 through 21 the employer has engaged in retaliatory treatment of Plaintiff in violation of C.G.S. §31-51q.

23. By engaging in the protected conduct of speaking out regarding matters of public concern, Plaintiff did not materially or substantially interfere with his employment relationship.

24. Plaintiff has been damaged thereby.

WHEREFORE, Plaintiff prays that the Court grant such relief as may be deemed appropriate, including but not limited to:

(a) Compensatory damages;

(b) Attorney's fees and costs;

(c) Such other equitable remedies as the court deems proper.

FOR THE PLAINTIFF
*By /s/Josephine S. Miller*
Josephine Smalls Miller, JURIS # 422896
152 Deer Hill Avenue, Suite 302
Danbury, CT 06810
Tel No. (203)512-2795
Fax: (203) 702-5188
Email: jmillerlaw@sbcglobal.net

DOCKET NO. FBT-CV-15-6054110 S

| | |
|---|---|
| ANGEL FALCON<br>*Plaintiff* | SUPERIOR COURT |
| | J.D. OF FAIRFIELD |
| v. | |
| | AT BRIDEPORT |
| CONNECTICUT JUDICIAL<br>BRANCH<br>*Defendant* | |

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is in excess of $15,000, exclusive of interest and costs.

> FOR THE PLAINTIFF
> *By /s/Josephine S. Miller*
> Josephine Smalls Miller, JURIS # 422896
> 152 Deer Hill Avenue, Suite 302
> Danbury, CT 06810
> Tel No. (203)512-2795
> Fax: (203) 702-5188
> Email: jmillerlaw@sbcglobal.net

## CERTIFICATION

This is to certify that the foregoing Motion to Amend Complaint was served via U. S. mail first class postage prepaid upon the following counsel of record on March 19, 2016:

Stephen Courtney
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120

*/s/Josephine S. Miller*
Josephine S. Miller